UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
EAST BATON ROUGE DIVISION

ADRIENNE M. CLARK                                    DOCKET NUMBER:

      Plaintiff,

v.                                                                       JURY TRIAL DEMANDED

STAT CARE CLINICS, L.L.C. d/b/a CENTRAL
STAT CARE, and DR. BRYAN BARRETT a/k/a
MELISSA ROSE BARRETT

      Defendants

**COMPLAINT FOR DAMAGES, UNPAID WAGES,
OVERTIME AND PENALTIES**

**First Cause of Action: Unpaid Overtime**

### I. SUMMARY

1. ADRIENNE M. CLARK ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from STAT CARE CLINICS, L.L.C. d/b/a CENTRAL STAT CARE and DR. BRYAN BARRETT a/k/a MELISSA ROSE BARRETT ("Defendants").

2. Plaintiff was employed by Defendants as a "Nurse Practitioner", which job duties included examining patients, diagnosing illnesses, prescribing medications to patients and providing treatment. Plaintiff was not paid a fixed salary or on a fee basis and, instead, was paid an hourly rate for hours worked.

3. Defendants often required Plaintiff to work weeks consisting of 40 hours or more.

4. Defendants paid Plaintiff an hourly wage, regardless of the number of hours worked. Further, Plaintiff never received overtime pay for work performed in excess of 40 hours in the workweek.

5. This action alleges that Defendants misclassified Plaintiff as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

6. Additionally, Defendants failed to pay Plaintiff her final wages in violation of Louisiana's Wage Payment Statute. As such, she is entitled to recover these wages, ninety (90) days of penalty wages, interest and attorney's fees.

## II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA U.S.C. § 216(b). This Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendants' business is located in the Middle District of Louisiana.

## III. THE PARTIES

9. Adrienne M. Clark worked for Defendants as a "Nurse Practitioner" from January 2016 through February 2017. Defendants paid Plaintiff on an hourly basis without overtime for her work as a "Nurse Practitioner". Plaintiff's consent to be a party plaintiff has been filed with this Court as **Exhibit 1**.

10. **STAT CARE CLINICS, L.L.C. d/b/a CENTRAL STAT CARE** may be served with process through its registered agent: **Stat Care Clinics, L.L.C. d/b/a Central Stat

**Care through its Agent for Service of Process, Bryan W. Barrett, 11055 Shoe Creek Drive, Baton Rouge, LA 70818.**

11. **DR. BRYAN W. BARRETT a/k/a MELISSA ROSE BARRETT** may be served at: **Dr. Bryan W. Barrett a/k/a Melissa Rose Barrett, 11055 Shoe Creek Drive, Baton Rouge, LA 70818.**

## IV. COVERAGE UNDER THE FLSA

12. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 201(r).

14. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Defendant was engaged in providing urgent care medical treatment to patients.

## V. FACTS

16. STAT CARE CLINICS, L.L.C. d/b/a CENTRAL STAT CARE holds itself out as an "urgent care center". Defendants maintained locations in Louisiana and Plaintiff worked in Baton Rouge, Louisiana.

17. To provide these services, Defendants employed "Nurse Practitioners" on an hourly basis.

18. Defendants hire, train and deploy these "Nurse Practitioners" in Louisiana.

19. Defendants strictly regulate the job duties performed by all "Nurse Practitioners" to ensure certain performance standards are met.

20. "Nurse Practitioners" are not allowed to vary from the job standards, means, methods and techniques which are all dictated by defendants.

21. "Nurse Practitioners" have little to no discretion on how their jobs, or the jobs of others they work with, are performed.

22. Instead of paying "Nurse Practitioners" overtime, Defendants pay "Nurse Practitioners" a straight hourly rate for all hours worked.

23. Plaintiff as a "Nurse Practitioner" was expected to work over forty (40) hours a week when the work demand required.

24. Plaintiff as a "Nurse Practitioner" was paid an hourly rate for hours worked with no overtime compensation. Plaintiff was not paid a guaranteed or fixed salary or on a fee basis. Plaintiff did receive incentive pay on a monthly basis that was based on patient visits and patient volume.

25. As the controlling law makes clear, Plaintiff was a non-exempt employee and is entitled to overtime for all hours worked in excess of 40 in a single workweek.

26. Based on the nature of plaintiff's job duties and work, there are no FLSA exemptions applicable to them.

27. Dr. Bryant W. Barrett a/k/a Melissa Rose Barrett exercised operational control over Stat Care Clinics, L.L.C. d/b/a Central Stat Care. This included the setting and approving of compensation for Plaintiff and all decisions concerning her compensation and the company's pay practices. Dr. Bryan Barrett a/k/a Melissa Rose Barrett, through operational control and personal decisions affecting pay practices, caused and permitted the Plaintiff to suffer overtime violations. As such, Dr. Bryan Barrett a/k/a Melissa Rose Barrett is personally liable for the claims asserted. Alternatively, Dr. Bryant Barrett a/k/a Melissa Rose Barrett is a joint employer or is part of a single business enterprise.

## VI. FLSA VIOLATIONS

28. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff. Defendants' failure to pay overtime compensation and intentional misclassification was neither reasonable, nor was the decision not to pay overtime made in good faith.

29. Accordingly, Plaintiff is entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

30. As a "Nurse Practitioner", Plaintiff had no control over the manner and method by which she was paid. The manner and method of payment was determined solely by Defendants, who paid Plaintiff on an "hourly" basis.

31. At all times herein, Defendants retained the right to discharge Plaintiff without cause or notice.

32. As a "Nurse Practitioner", Plaintiff worked solely for Defendants on a full time and continuing basis. Plaintiff did not advertise her services to the general public, or work as "Nurse Practitioner" for anyone other than Defendants.

33. Plaintiff was subject to the discretion and control of the Defendants with regard to the manner and means of her job performance. Moreover, she was closely supervised and directed by the Defendants.

34. As a "Nurse Practitioner", Plaintiff had no opportunity for profit or loss depending on their managerial skill.

35. Defendants also maintained records concerning the employment of Plaintiff. Upon information and belief, this included, for example, records of compensation and records of the hours worked by Plaintiff.

**Second Cause of Action: Unpaid Wages and State Law Penalties**

36. Defendants entered into an agreement with Plaintiff wherein she would received a monthly incentive based on patient volume per month and the number of patients seen. The amount of the incentive pay fluctuated but was earned every month. It was paid in the month following the month which it was earned.

37. As part of the arrangement, Defendants promised to pay the "Nurse Practitioners" an additional monthly incentive based on patient volume per month and the number of patients seen. This amount was in addition to the hourly rate she was paid.

38. Plaintiff left her employment on February 15, 2017 and was owed two (2) months of incentive pay. Although one of the monthly incentive checks was issued, it was

withheld at the direction of Dr. Bryant Barrett a/k/a Melissa Rose Barrett. To date, Defendants have purposely withheld and have intentionally refused to pay two (2) months of incentive pay that was earned by Plaintiff.

39. To date, despite demand, Defendants has refused to pay the additional wage.

40. Pursuant to LSA-R.S. 23:631 Defendants were required to pay all wages owed after the end of the Plaintiff's employment with Defendants.

41. Defendants' bad faith and arbitrary refusal to pay the wages owed entitles Plaintiff to penalties (ninety (90) days wages) and attorney's fees pursuant to LSA-R.S. 23:632 *et. seq*.

## VIII.  JURY DEMAND

42. Plaintiff demands a trial by jury.

## IX.  RELIEF SOUGHT

43. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order finding Defendants liable for violations of federal wage laws with respect to Plaintiff;

   b. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff;

   c. For a Judgment awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law;

   d. Unpaid wages, penalties pursuant to LSA-R.S. 23:632 *et. seq.* and attorney's fees.

   e. For all such other legal and equitable relief as may be necessary and appropriate.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, LLC


__/s/ Kenneth D. St. Pé_____
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 West University Avenue, Suite A
Lafayette, Louisiana  70506
(337) 534-4043