UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADRIENNE M. CLARK

VERSUS

STAT CARE CLINICS, L.L.C. d/b/a
CENTRAL STAT CARE and DR.
BRYAN BARRETT a/k/a MELISSA
ROSE BARRETT

CIVIL ACTION

NO. 17-306-JWD-EWD

## RULING AND ORDER

This matter comes before the Court on the *Motion to Set Aside Judgment Pursuant to FRCP 60(b)(4)* (Doc. 26) filed by Defendants Stat Care Clinics, L.L.C d/b/a Central Stat Care ("Stat Care") and Dr. Bryan Barrett a/k/a Melissa Rose Barrett ("Dr. Barrett") (collectively, "Defendants"). Plaintiff Adrienne M. Clark ("Plaintiff" or "Clark") opposes the motion. (Doc. 35.) Defendants have not filed a reply. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

For the following reasons, Defendants' motion is denied. Here, the central question is whether the default judgment should be set aside because service was improper. The Court finds that service was proper under Federal Rules of Civil Procedure ("Rule") 4(e)(2)(c) and 4(h)(1)(B), so the default judgment will stand.

I. Background

A. Relevant Facts

Plaintiff filed this lawsuit against her former employers, Stat Care and Dr. Barrett, to recover for unpaid overtime wages and other damages under the Fair Labor Standards Act

("FLSA") and Louisiana's unpaid wages statutes, La. R.S. § 23:631, *et seq*. (Doc. 1.) According to the *Complaint for Damages, Unpaid Wages, and Overtime and Penalties* ("*Complaint*"), Defendants employed Clark as a Nurse Practitioner from January of 2016 through February of 2017. (Doc. 1 at 1-2.) Clark's responsibilities included "examining patients, diagnosing illnesses, prescribing medication to patients and providing treatment." (Doc. 1 at 1.) Plaintiff claims that Defendants "strictly regulate[d] the job duties performed by all 'Nurse Practitioners' to ensure certain performance standards [were] met." (Doc. 1 at 4.) According to Clark, in her role as a nurse practitioner, she was "not allowed to vary from the job standards, means, methods and techniques which [were] all dictated by . . . [D]efendants." (Doc. 1 at 4.) Clark alleges that she was "not paid a guaranteed or fixed salary or on a fee basis;" rather, she was paid a "straight hourly rate for all hours worked." (Doc. 1 at 1, 4.)[1] Typically, Clark worked 40 hours per week or more. (Doc. 1 at 1, 4.) Clark contends that the Defendants paid her an hourly wage, regardless of the number of hours that she worked in excess of 40 hours per week. (Doc. 1 at 4.) In addition to her hourly pay, Clark alleges that she and the Defendants entered into an agreement whereby they promised to pay her and other nurse practitioners monthly incentive pay "based on patient volume per month and the number of patients seen." (Doc. 1 at 4, 6) On February 15, 2017, Clark left her employment with the Defendants. (Doc. 1 at 6.)

### B. Procedural History

On May 11, 2017, Clark filed the instant lawsuit. (Doc. 1.) On June 22, 2017, Defendants were served with summons notifying them that a lawsuit had been filed against them. (Docs. 5, 6.) Defendants failed to file an answer to the *Complaint* or a motion on or before July 13, 2017, thereby missing the twenty-one (21) day deadline established by Rule 12(a)(1)(A)(i). Defendants did not

---

[1] In her *Declaration*, which is attached to *Plaintiff's Motion for Entry of Default and for Default Judgment*, Clark attests to the fact that she was paid an hourly rate of $50.00. (Doc. 10-3 at 4.)

move for an extension of time to file an answer or motion under Rule 12. (Doc. 14.)[2] On July 25, 2017, Clark filed a *Notice to the Court* indicating that the Defendants had failed to answer or file any other response by July 13, 2017. (Doc. 9.)

On September 13, 2017, Clark filed the *Plaintiff's Motion for Entry of Default and for Default Judgment* because no answer had been filed. (Doc. 10) On September 15, 2017, the Clerk of Court entered the *Clerk's Entry of Default* against the Defendants. (Doc. 11.) On April 10, 2018, this Court granted in part, and denied in part, Clark's motion for entry of default judgment. (Doc. 14.) The Court granted Plaintiff's motion on the issue of liability on her claims under the FLSA and La. R.S. 23:631, *et seq*, and denied the motion, without prejudice, on whether Clark was entitled to damages. (Doc. 14.) The Court directed Clark to supplement her motion with additional evidentiary support to show that she was entitled to damages on her claims, and Plaintiff complied. (Docs. 14, 15.)

On July 9, 2018, the Court entered judgment in favor of the Plaintiff, awarding her $3,000.00 in unpaid overtime damages under the FLSA; $3,000.00 in liquidated damages under the FLSA; $4,826.25 in unpaid monthly incentive pay damages; $54,000.00 in penalty damages under La. R.S. § 23:631 and La. R.S. § 23:632(A); and $7,437.50 in attorney's fees pursuant to La. R.S. § 23:632(C). (Doc. 19.)

On May 30, 2019, Plaintiff's filed a *Motion to Examine Judgment Debtor*. (Doc. 24.) On May 31, 2019, the Court granted the motion, which set the examination for June 28, 2019. (Doc. 25.)

On June 19, 2019, Defendants filed the instant *Motion to Set Aside Judgment Pursuant to FRCP 60(b)(4)*. (Doc. 26.)

---

[2] In fact, Defendants did not file any pleading or other documents until they filed the instant motion on June 19, 2019.

## II. Relevant Standard

Rule 55(c) provides that a court may set aside an entry of default for "good cause," and it may set aside a default judgment under Rule 60(b). Rule 60(b)(4) allows the court to relieve a party from a final judgment on the ground that the judgment was void. Insufficient service of process is one way that a judgment could be void; the Fifth Circuit has held, "When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under [Rule] 60(b)(4)." *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 940 (5th Cir. 1999). In addition, motions to set aside a default are more readily granted than motions to set aside a default judgment. *Id.* Thus, the decision of whether grant the motion rests on whether service of process was sufficient.

## III. Discussion

### A. Service Upon Stat Care Pursuant to Rule 4(h)(1)(B)

#### 1. Relevant Standard

Rule 4(h) governs service upon corporations, partnerships, and associations. Rule 4(h)(1) provides two ways for a plaintiff to serve a domestic corporation. First, the corporation may be served "in a judicial district of the United States: [ ] in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A). Alternatively, the plaintiff may:

> deliver[ ] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires— . . . also mail[ ] a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B). "An agent must have actual authorization from the entity sought to be served." *Fyfee v. Bumbo Ltd.*, No. 09–0301, 2009 WL 2996885, at *2 (S.D. Tex. Sept. 16, 2009) (citing *O'Meara v. New Orleans Legal Assistance Corp.*, No. 90–4893, 1991 WL 110401, at *3

4

(E.D. La. June 10, 1991)). "'Apparent authority' is insufficient." *Smith, v. Womans Hosp.*, No. 14-500, 2015 WL 2357127, at *3 (M.D. La. May 15, 2015) (Jackson, C.J.) (quoting *O'Meara*, 1991 WL 110401, at *3).

### 2. Parties Arguments

Defendants state that "applying these rules to the facts in the instant matter, it is clear that service was insufficient." (Doc. 26-4 at 4.) Regarding service upon Stat Care, Defendants argue "it is clear that service must have been made upon the Registered Agent" in order to comply with Rule 4(h)(1) (*Id.*) Dr. Barrett was and remains the registered agent for Stat Care. While the Federal Rules of Civil Procedure allow for service upon a manager or agent, Defendants argue that Dr. Barrett was the manager according to business filings with the Louisiana Secretary of State and that "[n]o other representative has been appointed." (*Id.*) Defendants contend that "[a]t no time was Kelci Morales, the receptionist, authorized or appointed as a representative of either [Stat Care or Dr. Barrett]." (*Id.* at 1.)

Plaintiff counters that service was perfected in accordance with Rule 4(h)(1)(B), which authorizes service on "any other agent authorized by appointment." (Doc. 35 at 2–3.) First, Plaintiff contends that Ms. Morales was in fact authorized to accept service on behalf of Defendants. Plaintiff refers to the *Declaration of Kelci Morales* in which Ms. Morales affirms that: 1) She "was 21-years old and not a 'teenager' as misrepresented to the Court by the Defendants;" 2) She worked for Defendants for four years; and 3) She had in fact been "authorized and instructed by Defendants to sign for certified mail and legal documents on their behalf." (*Id.* at 3.) Plaintiff contends that it was the Defendants' procedure to have Ms. Morales either hand documents directly to Dr. Barrett or put them in an inbox on his desk. Plaintiff explains that this practice is "typical" for doctors' offices, as doctors often do not wish to be interrupted while they are with patients.

5

(*Id.*) Plaintiff concludes that Ms. Morales was an agent "authorized by appointment," and, therefore, service of process was proper in accordance with Rule 4(h)(1)(B). (*Id.*)

### 3. Analysis

A receptionist is not considered an officer or managing or general agent, thus, the receptionist must have actual authorization to receive service of process. For example, in *Dobbins v. Kroger*, the Court found that the "[p]laintiff ha[d] made no showing that the receptionist . . . was a registered agent for service of process *or that she was otherwise authorized to accept service on behalf* of [defendant]." *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 2776665, at *1 (N.D. Tex. Aug. 31, 2009) (emphasis added).

This case is different from *Dobbins* in that Plaintiff has presented evidence that the receptionist, Ms. Morales, was authorized by appointment to receive service of process. Again, Plaintiff provides Ms. Morales' declaration (Doc. 35-2) in which she attested that she was "authorized and instructed" by Defendants to sign for certified mail and legal documents. Ms. Morales further attested that it was Stat Care procedure for her to either hand the documents to Dr. Barrett or place them in his inbox.

While Defendants attempted to refute this claim, they offer no evidence to the contrary. In fact, Defendants not only provide no evidence to rebut Plaintiff's position, they also misrepresent that Ms. Morales was a teenager at the time of service when she was, according to her declaration, 21 years old. Conversely, Ms. Morale's affidavit, which reflects her position as receptionist of a small medical clinic where it was the "routine[]" practice for her accept legal documentation, convinces the Court that Ms. Morales was in fact authorized to receive service of process on behalf of Stat Care. As a result, Defendants' motion is denied with respect to Stat Care.

### B. Service Upon Dr. Barrett Pursuant to Rule 4(e)(2)(c)

#### 1. Relevant Standard

Rule 4(e) governs service of process upon an individual within the United States. Rule 4(e)(1) authorizes that an individual may be served in accordance with state law. Rule 4(e)(2) provides that an individual may be served through personal service, domiciliary service, or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

#### 2. Parties Arguments

Regarding service upon Dr. Barrett in his individual capacity, Defendants argue that service was insufficient as well. Defendants contend that Rule 4(e) provides only three methods of service: "personal service, domiciliary service or service upon a legal representative." (Doc. 26-4 at 4.) Defendants note that Dr. Barrett was not personally served, and Stat Care Clinic is not his "dwelling or usual place of abode" to qualify as domiciliary service. Fed. R. Civ. P. 4(e)(2)(B). Finally, Defendants argue that the "summons was left with a teenaged receptionist who was not a legal representative." (Doc. 26-4 at 4.) Once again, Defendants contend that "[a]t no time was Kelci Morales, the receptionist, authorized or appointed as a representative of either [Stat Care or Dr. Barrett]." (*Id*. at 1.)

Plaintiff responds, "Dr. Barrett had designated Kelci Morales to accept service as his agent." (Doc. 35 at 4.) Plaintiff again points to the *Declaration of Kelci Morales* where Ms. Morales affirmed that she was authorized and instructed by Dr. Barrett to accept certified mail and legal documents on his behalf. (*Id.* at 3, Doc. 35-2.)

### 3. Analysis

The key issue here is whether Ms. Morales was authorized to accept service of process for Dr. Barrett in his individual capacity. Like Rule 4(h)(1)(B), the agent must have actual authorization and not merely represent themselves to be authorized in order to be an agent for service of process under Rule 4(e)(2)(C). *See Wagster v. Gauthreaux*, No. 12-00011, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013) (Dick, J.) (citing *O'Meara*, 1991 WL 110401). As explained above, Ms. Morales affirmed in her *Declaration* that she was "authorized and instructed" to accept "certified mail and legal documents on behalf of [Stat Care] *and Dr. Barrett . . . .*" and did so "*routinely*." (Doc. 35-2) (emphasis added). Once again, Defendants offer no evidence to the contrary. As a result, the Court finds that service was perfected against Dr. Barrett under Rule 4(e)(2)(C), so Defendants' motion is denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Set Aside Judgment Pursuant to Rule 60(b)(4)* (Doc. 26) filed by Defendants, Stat Care Clinics, L.L.C d/b/a Central Stat Care and Dr. Bryan Barrett a/k/a Melissa Rose Barrett, is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>March 3, 2020</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**